(No. 10919.)

ROESY FRIEND, Appellant, *vs.* JAMES W. BEACH *et al.* Appellees.

*Opinion filed December 21, 1916—Rehearing denied Feb. 8, 1917.*

1. REGISTRATION OF TITLE—*degree of proof required to defeat application to register title on ground deed absolute on its face is a mortgage.* To defeat an application to register title on the ground that a deed absolute on its face is a mortgage, the degree of proof required is the same as is required in a suit in equity to have a deed absolute in form, purporting to convey the fee and containing no defeasance clause, declared to be a mortgage, and to warrant the court in so finding the evidence must be clear, definite, unequivocal and convincing.

2. EQUITY—*what must be nature of debt due grantee in order to have deed declared a mortgage.* Before a deed absolute in form can be held to be in the nature of a mortgage there must be an existing debt or obligation which the grantee in the conveyance can enforce by foreclosure proceedings.

3. CONTRACTS—*what contract by purchaser of land with reference to re-sale is not invalid.* Where parties who have made a partial payment on land arrange to have a third party pay the balance due and certain redemption money and take a deed from the owner of the legal title, an agreement by the purchaser giving such parties a definite time in which to sell the land at an enhanced price and keep whatever there may be received over and above a certain price will be sustained when made in good faith and not tainted with usury.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

WINSTON & LOWY, for appellant.

THORNTON & CHANCELLOR, for appellee Carrie P. Schultz.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing the petition of Roesy Friend, appellant, for the initial registration of her title to lot 33, in block 1, in Drexel Park, Chicago. The application set forth that the lot was vacant, and alleged an unknown interest in Carrie P. Schultz, John C. Schultz and James W. Beach. Carrie P. Schultz answered the application, alleging that she and her husband, John C. Schultz, purchased the premises in question on July 6, 1911; that being unable to pay the purchase price in full she borrowed $1000 from Moritz Friend; that Friend agreed to advance additional amounts sufficient to pay taxes and interest on the balance of the purchase price and to take and hold the title to the property as security for the money so loaned for an agreed profit of $200; that she is the real and equitable owner of the premises, and that the title is now held by Moritz Friend and Roesy Friend only as security for said loan. The answer alleged that Mrs. Schultz was ready and willing to re-pay the amount of the loan, together with reasonable expenses, and to receive title to the premises. Moritz Friend is the husband of appellant and was her immediate grantor of the property. The examiner reported, finding that the deed to Moritz Friend was in the nature of a mortgage and that the equitable title to the premises was in Carrie P. Schultz and John C. Schultz, and recommended that the application be dismissed. Exceptions were filed to the report of the

examiner, which were overruled by the court, and an order
was entered dismissing the application.

The record discloses that in October, 1904, George C.
Markham contracted to sell the property in question, with
other property, to John Bain. In 1906 appellee Carrie P.
Schultz, and John C. Schultz, her husband, contracted to
purchase this lot from Bain. Mrs. Schultz at the time of
the contract with Bain made a payment of $50, and shortly
thereafter made another payment of $906.84, the total of
these two payments representing the interest Bain had in
the property. According to the testimony of Mrs. Schultz
she agreed to pay $2100 for the lot, the balance over and
above the amounts paid to Bain being payable to Markham.
Nothing further was ever paid by either Mrs. Schultz or
her husband on the contract with Bain for this lot.

Mrs. Schultz and her husband were engaged in the real
estate business and became involved in some litigation grow-
ing out of some of their real estate transactions. Charles
F. Lowy, an attorney at law and a son-in-law of Moritz
Friend, represented Mrs. Schultz in that litigation. While
the litigation was pending the question of the disposition of
this lot by Mrs. Schultz and her husband came up, and it
was suggested either by Mrs. Schultz or Lowy that Moritz
Friend might purchase the lot. An arrangement was ef-
fected between Mr. and Mrs. Schultz and Moritz Friend
whereby title to this lot was conveyed to him upon the pay-
ment by him of the amount due Markham and of certain
redemption money requisite to redeem the property from
tax sales. Moritz Friend thereafter conveyed the lot to ap-
pellant, who is his wife, and it is admitted that appellant
had notice of all the circumstances pertaining to the trans-
actions between her husband and Mr. and Mrs. Schultz, and
that she received from her husband only such title as he
received by the conveyance to him.

On account of the litigation in which Mrs. Schultz and
her husband were involved, Friend was unwilling to take

title to the property if it came through them. Accordingly, by direction of Mr. and Mrs. Schultz, the parties with whom they had the contract were directed to make a conveyance to Friend. On March 22, 1911, Mr. and Mrs. Schultz executed a power of attorney constituting John Bain their attorney, and empowering him to convey, by quit-claim deed or otherwise, all their interest in this lot. By a quit-claim deed dated October 10, 1904, and acknowledged April 13, 1911, Markham conveyed the lot to Bain. On April 26, 1911, Mr. and Mrs. Schultz sent the following letter to Markham: "Referring to the property described as lot 33, in block 1, in Drexel Park, being a subdivision of the east quarter of the north half of section 19, 38, 14, east of the third principal meridian, we beg to state that we have no legal or equitable interest in and to said property, either jointly or severally, and hereby waive any right, title or interest we might have had or acquired in and to said property at any time." This letter was signed by Carrie P. Schultz and John C. Schultz. On May 1, 1911, Bain conveyed the lot to Friend. On July 7, 1911, Friend addressed the following communication to Mr. and Mrs. Schultz: "I hereby authorize you to sell lot 33, in block 1, in Drexel Park, within one year from date hereof for whatever sum of money you may be able to obtain for same over and above the amount I shall have paid for said property and all expenses incurred by me in the purchase of the same and other expenses connected with the maintenance of said property and $200 in addition thereto, the investment aforesaid to bear six per cent interest per annum until such time as the same may be sold by you as aforesaid, it being the understanding that no commission is to be paid to you or anyone else, but that you are to receive and divide equally between you whatever sum you may be able to get for said property in excess of the amount due me as aforesaid. I further agree to extend for you the time, if necessary, for an additional period of one year, with the distinct under-

standing, however, that should you record this memorandum or should the same be placed·on record by you or either one of you at any time, your authority above given shall immediately cease and terminate and become null and void and of no effect." The proposition contained in this letter was accepted by them, and the testimony in this record fairly discloses that the communication of April 26, 1911, addressed to Markham, and the communication of July 7, 1911, addressed to Mr. and Mrs. Schultz, fairly represent the agreement entered into between Moritz Friend and Mr. and Mrs. Schultz.

While by her answer Mrs. Schultz alleges that she negotiated a loan from Friend, she nowhere testifies that she borrowed any money from him or attempted to borrow money from him. Her whole testimony as to the transaction between Friend and herself and husband is consistent with the proposition stated in Friend's letter of July 7, 1911. The testimony of Friend is to the effect that he purchased this property and took title in himself, and at the same time gave Mr. and Mrs. Schultz an option to sell the property within two years for any sum equal to or in excess of the purchase price, interest and expenses and $200 in addition thereto. While Mrs. Schultz in her testimony speaks of her indebtedness to Friend, Friend denies that he ever loaned her any money, and she nowhere testifies that she borrowed money of him or became indebted to pay him any sum whatever. It is apparent that Mr. and Mrs. Schultz were unable to make further payments upon the lot and had been notified that the contract would be canceled and their payments forfeited. Being placed in this position and being unable to do anything else, they persuaded Friend to take the contract off their hands and give them an opportunity to recoup their loss by giving them an option to sell the property at any time within two years upon the terms stated in the letter of July 7.

276 – 26

The same degree of proof is required here as would be required in a suit in equity to have a deed absolute in form, purporting to convey the fee and containing no defeasance clause, declared to be a mortgage. To warrant the court in so finding, the evidence must be clear, definite, unequivocal and convincing. (*Helm* v. *Boyd,* 124 Ill. 370; *Fisher* v. *Green,* 142 id. 80; *May* v. *May,* 158 id. 209; *Williams* v. *Williams,* 180 id. 361; *Gannon* v. *Moles,* 209 id. 180.) In this case there is no evidence which fairly tends to prove that the relationship of debtor and creditor existed or that it was the intention of the parties that this deed should be held as security for money due from Mr. and Mrs. Schultz to Friend. Before a deed can be held to be in the nature of a mortgage there must be an existing debt or obligation which the grantee in the conveyance can enforce by fore-closure proceedings. (*Freer* v. *Lake,* 115 Ill. 662; *Fisher* v. *Green, supra; Crane* v. *Chandler,* 190 Ill. 584; '*Batchel-ler* v. *Batcheller,* 144 id. 471; *Caraway* v. *Sly,* 222 id. 203; *Gannon* v. *Moles, supra.*) The whole transaction simply amounted to an agreement between Friend and Mr. and Mrs. Schultz whereby Friend was to purchase this lot for the balance due Markham and the liens against it and give Mr. and Mrs. Schultz the privilege of selling it at an en-hanced price within a definite time. Such a contract will be sustained when made in good faith and not tainted with usury or fraud.

The evidence was sufficient to entitle appellant to have her lot registered, and the circuit court should have sus-tained the exceptions to the examiner's report.

The order of the circuit.court is reversed and the cause is remanded, with directions to sustain the exceptions to the examiner's report and enter a decree in accordance with the prayer of the application for registration.

*Reversed and remanded, with directions.*